IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| HERBERT HASBELL | § | |
| --- | --- | --- |
| Petitioner, | § | |
| VS. | § | NO. 3-08-CV-1868-G |
| NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice, Correctional Institutions Division | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Herbert Hasbell, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 1999, petitioner pled guilty to sexual assault of a child and was sentenced to 40 years confinement. His conviction and sentence were affirmed on direct appeal. *Hasbell v. State*, No. 11-99-00223-CR, 2000 WL 34235144 (Tex. App.--Eastland, Apr. 27, 2000, pet. ref'd). Petitioner also filed three applications for state post-conviction relief and three federal writs of habeas corpus. One state writ was denied without written order. *Ex parte Hasbell*, 50,749-01 (Tex. Crim. App. Dec. 12, 2001). Two other state writs were dismissed as successive. *Ex parte Hasbell*, 50,749-02 (Tex. Crim. App. Oct. 19, 2005); *Ex parte Hasbell*, 50,749-03 (Tex. Crim. App. Aug. 20, 2008). One federal writ was dismissed in part for failure to exhaust state remedies and dismissed in part on limitations grounds. *Hasbell v. Cockrell*, No. SA-02-CA-684-OG (W.D. Tex. Oct. 28, 2002). A second federal

writ was dismissed on limitations grounds. *Hasbell v. Dretke*, No. 3-03-CV-1930-L, 2003 WL 23095987 (N.D. Tex. Dec. 5, 2003), *rec. adopted*, 2003 WL 23147139 (N.D. Tex. Dec. 31, 2003). The third federal writ was dismissed as successive. *Hasbell v. Dretke*, No. 3-06-CV-0829-M, 2006 WL 1946527 (N.D. Tex. Jun. 1, 2006), *rec. adopted*, 2006 WL 1975944 (N.D. Tex. Jul. 11, 2006). The Fifth Circuit has denied a request for authorization to file a successive writ of habeas corpus. *In re Hasbell*, No. 07-10462 (5th Cir. Jun. 5, 2007).

Undeterred, petitioner now seeks federal habeas relief for a fourth time. In multiple grounds, petitioner contends that: (1) the state appeals court lacked jurisdiction over the case; (2) his guilty plea was involuntary; (3) the trial court denied him a bond reduction hearing, a competency hearing, and an examining trial; (4) the prosecutor withheld exculpatory evidence and used perjured testimony to obtain a conviction; (5) he received ineffective assistance of counsel at trial and on appeal; (6) a court-appointed investigator failed to interview certain witnesses; (7) his sentence is illegal; and (8) he is actually innocent. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must

be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

All of the claims raised by petitioner in his pending federal writ were either known, or should have been known, at the time he filed his first habeas petition. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) ("[A] later petition is successive when it [ ] raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition . . ."). Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief, the case must be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 23, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE